RECEIVED
MAY 2 2 2014
AT 8:30_____M
WILLIAM T WALSH CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

HENRY ANDERSON and DAVID SPECTOR, )
on behalf of himself, and all others ) Case No.: : 3:12-cv-5198-PGS-LHG
similarly situated )
              Plaintiff, )
               )
v. )
               ) **ORDER AND FINAL JUDGMENT**
CHERRY HILL TOWNSHIP and ) **CERTIFYING SETTLEMENT CLASS**
REDFLEX TRAFFIC SOLUTIONS, INC., ) **APPROVING SETTLEMENT**
               ) **AGREEMENT AND AWARDING**
              Defendants. ) **CLASS COUNSEL FEES AND COSTS**

THIS MATTER having been opened to the Court by DeNittis Osefchen, P.C. and Paris Ackerman & Schmierer, LLP (together, "Lead Counsel" or "Class Counsel") as counsel for the putative class action plaintiffs ("Lead Plaintiffs" or "Class Representatives"), by way of Motion for Final Approval of the proposed Class Settlement Agreement ("Settlement Agreement" or "Agreement"); and,

WHEREAS, Redflex Traffic Solutions, Inc. (together, "Redflex"), through its counsel Lum, Drasco & Positan, LLC ("Redflex's Counsel"), joins in with Lead Plaintiffs' Motion; and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties under 28 U.S.C. § 1331 and that venue is proper in this district; and

WHEREAS, the Court finds that the Settlement Agreement was entered into at arms length by experienced counsel and only after mediation and extensive negotiations and the Settlement Agreement is not the result of collusion; and

WHEREAS, the Court granted Lead Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement ($2.1 million) on February 5, 2014, and conditionally certified the Settlement Class solely for purposes of settlement; and

WHEREAS, pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, a class list was compiled from a review of record of Defendants. Following that review, a total of 76,262 Settlement Class Members were identified. Settlement Class Members were thereafter provided with notice and an opportunity to object to the Settlement or opt-out of the Settlement Class; and

WHEREAS, the Court conducted a fairness hearing on May 22, 2014; and

WHEREAS, the Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel of the moving parties, and the requirements of law and good cause appearing,

IT IS THIS 22 day of May, 2014,

ORDERED that the Final Approval and Judgment is GRANTED, subject to the following terms and conditions:

1. **Definitions**. Unless otherwise provided herein, the Court adopts and incorporates the definitions to all capitalized terms in the Settlement Agreement and those defined terms shall have the same meaning in this Order.

2. **Approval of Settlement Agreement**. The Court finds, upon review of the Settlement Agreement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement and the proposed reimbursement program available from the Settlement are fair, reasonable and adequate. Accordingly the terms of the Settlement, including all exhibits thereto, are approved in their entirety by the Court and incorporated into this Order as if expressly set forth and shall have the same force and effect of an Order of the Court. The parties and their counsel are ordered to implement and to

consummate the Settlement Agreement according to its terms and provisions. The releases set forth in the Settlement Agreement are incorporated by reference.

3. **Approval of Settlement Class**. This Court certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> **All operators or registered owners of a vehicle, who paid a fee or fine in response to a Notice of Violation arising from New Jersey's Pilot Red Light Camera Program, N.J.S.A. § 39:4-8.12, *et. seq.*, issued by or on behalf of any Municipality that contracted with Redflex for red light camera monitoring systems, where such violation occurred on or before August 1, 2012,** excluding Springfield, New Brunswick. *PGS*

Excluded from the Settlement Class are (a) the Municipalities and Redflex and their officers, directors, elected officials and appointed officials and (b) any and all Settlement Class Members who timely and validly requested exclusion from the Settlement Class. The Court finds that the Settlement Class meets all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, affirms certification of the Settlement Class, and approves the Settlement set forth in the Agreement as being fair, just reasonable, and adequate. Specifically, the Court finds and concludes:

a. The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

b. There are questions of law or fact common to the Settlement Class, satisfying the requirements of Rule 23(a)(2) and Rule 23(c)(1)(B);

c. The claims of the Lead Plaintiffs are typical of the claims of the Settlement Class, satisfying the requirements of Rule 23(a)(3);

3

    d. The Lead Plaintiffs will fairly and adequately protect the interests of the Settlement Class, the interests of the Lead Plaintiffs are not antagonistic to those of the Settlement Class, and the Lead Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation, satisfying the requirements of Rule 23(a)(4);

    e. Questions of law or fact common to the members of the Settlement Class predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3); and

    f. The action is manageable as a class action.

4. **Approval of Plan of Allocation**. The Plan of Allocation described in the Stipulation and Long Form Notice is approved as fair, reasonable, and adequate to the Settlement Class Members and the Claims Administrator is directed to administer the Settlement accordingly.

5. **Adequacy of Notices**. The Court finds that due and adequate Notices were provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Class, notifying the Settlement Class of, *inter alia*, the pendency of this action and the proposed Settlement. The Notices provided were the best notice practicable under the circumstances and included individual notice by first class mail to all members of the Settlement Class who could be identified through reasonable effort. The Notices provide fully complied in all respects with the requirements of Rule 23.

6. **Opt-Out Settlement Class Members**. Attached hereto and incorporated herein as Appendix A is a schedule of all Settlement Class Members who have timely and validly requested to be excluded from the Settlement Class and accordingly are not included in or bound by the this Final Judgment and Order. The Settlement Class Members who have opted-out are not entitled to receive any reimbursement as described in the Agreement, Long Form Notice, Postcard Notice or Claim Form.

7. **Approval of Class Representatives**. Based upon the Court's familiarity with the claims and parties, the Court finds that the Lead Plaintiffs adequately represent the interests of the Settlement Class and hereby appoint the Lead Plaintiffs as Class Representatives.

8. **Approval of Class Counsel**. The Court preliminarily finds that Lead Counsel – namely, DeNittis Osefchen, P.C. and Paris Ackerman & Schmierer, LLP – fairly and adequately represent the interests of Lead Plaintiffs and the Settlement Class and hereby confirms them as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

9. **Binding**. The terms of this Final Approval Order and Judgment and the Settlement are binding on the Lead Plaintiffs/Class Representatives and all members of the Class who have not timely and validly opted-out and shall have *res judicata*, collateral estoppel, and all other preclusive effect in any claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements obligations, promises, attorneys' fees, costs, interests, or expenses that were asserted through this action.

10. **Dismissal With Prejudice of Complaint**. The Amended Complaint in this action is dismissed with prejudice, and the claims against Defendants are released.

5

11. **Dismissal of Released Claims**. All Released Claims (as defined in the Settlement Agreement) of Lead Plaintiffs and the Settlement Class that were asserted against Redflex and Released Persons, including but not limited to the co-Defendant Municipalities, in this action are dismissed with prejudice. Furthermore, Lead Plaintiffs and the Settlement Class are barred and permanently enjoined from instituting or prosecuting any Released Claims against Redflex and Released Persons, including but not limited to the co-Defendant Municipalities.

12. **Disbursement of Claims**. The Claims Administrator shall distribute the proceeds of the Settlement Fund, in accordance with the terms of the Agreement, to each Settlement Class Member who timely submitted a properly executed Claim Form.

13. **Class Counsel's Award**. Class Counsel is hereby awarded reasonable fees in the amount of $ 412,055.73 and costs in the amount of $ 7944.27. These amounts shall be paid and distributed in accordance with the Settlement Agreement.

14. **Class Representatives' Award**. Each Class Representative is hereby awarded a class representation fee in the amount of $ 200.00. This fee shall be paid and distributed in accordance with the Settlement Agreement.

15. **Appointment of Special Master**. To provide the Court with additional information on the types of technology provided by Redflex to the New Jersey Pilot Red Light Camera Program (the "Program") and how potential violations are processed and reviewed prior to issuance, it is Ordered that Magistrate Judge Joel B. Rosen (Ret.) is appointed as Special Master effective upon final approval of the Settlement Agreement. The scope and duties that the Special Master shall have are established as follows:

a. The Special Master is charged with certifying to the Court that the technology provided by Redflex to the Program produces violation data which supports a finding that a violation has occurred and that the system operates efficiently and effectively. To accomplish this end, after the Court has entered an Order granting final approval of the Settlement, the Special Mater shall conduct an evaluation (the "Evaluation") to become knowledgeable about the requirements of the enabling statute for the Program (*N.J.S.A.* § 39:4-8.12, *et. seq.*), how Redflex's red light camera technology is utilized in the Program and how violation data is processed and reviewed prior to issuance. The Evaluation shall include, but is not limited to, a in-person inspection by the Special Master of some of Redflex's New Jersey camera installations and Redflex's back office operations in Arizona. In addition, with a municipality's consent, the Special Master may observe a municipal police officer as the officer evaluates violation data supplied by Redflex's back office operations. The Special Master may also interview representatives of New Jersey Department of Transportation ("DOT") about DOT's experience with Redflex's red light camera operations. Throughout the Evaluation, the Settling Parties shall cooperate with and assist the Special Master and provide the Special Master information he deems necessary.

b. After the Special Master's Evaluation is complete, the Special Master shall certify to the Court that the technology provided by Redflex to the Program produces violation data which supports a finding that a violation has occurred and that the system operates efficiently and effectively (the "Certification"). In the event that the Special Master cannot issue the Certification, the Special Master shall issue a report to the

7

parties and the Court, whereupon the Court shall issue such further orders as it deems necessary. To protect Redflex's confidential and proprietary information and technology, any submissions from the Special Master to the Court (other than the Certification) shall be filed under seal and is ordered exempt from any open records request under federal or state law.

c. The Special Master shall be the agent of this Court and proceed with all reasonable diligence, in acting under this Order. The Special Master shall complete the Evaluation and submit the Certification (or other report) within 90 days from the date the Court enters an Order granting final approval of the Settlement.

d. The Special Master shall be accountable directly to this Court and shall use his best efforts to ensure that his review of the Program does not unnecessarily damage the business of Redflex.

e. The Special Master shall maintain the confidentiality of any commercially sensitive and/or proprietary information obtained in connection with his duties.

f. The Special Master's fees and expenses shall be paid for equally between the Settling Parties from the Settlement Fund.

16. **Ongoing Jurisdiction**. Without affecting the finality of this Final Approval Order and Judgment, the Court shall retain continuing jurisdictions over this action, the parties and the Settlement Class, for the purposes of, *inter alia*, implementing and enforcing each Settlement Agreement (including any issue that may arise in connection with the formation

and/or administration of the Settlement Fund) and entering orders regarding the disbursement of the Settlement Amount to the Settlement Class, Class Counsel and the Class Representatives.

17. **No Admission**. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated herby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence, of or an admission or concession by the Settling Parties as to, the validity of any claim that has been or could have been asserted against any or all of them or as to any liability any or all of them as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

Dated: 5/22/14

_____
Hon. Peter G. Sheridan, U.S.D.J.

4849-7598-0051.1

# Exhibit A

|    | First Name or Company Name | Last Name | Violation Number |
|----|----------------------------|-----------|------------------|
| 1  | JOHN                       | FEE       | E12 434          |
| 2  | YOGI                       | SHUKLA    | E12 4616         |
| 3  | YOGI                       | SHUKLA    | E12 5177         |
| 4  | YOGI                       | SHUKLA    | E12 5633         |
| 5  | KATHLEEN                   | OCONNELL  | E12 5953         |
| 6  | LORRAINE                   | BLECKLEY  | E12 7576         |
| 7  | GLORIA                     | DODDY     | E12 8748         |
| 8  | DEBRA                      | JOSEPH    | E12 11013        |
| 9  | RUBY                       | BARRETT   | E12 9762         |
| 10 | THOMAS                     | ANASTASIO | E12 10365        |
| 11 | ROSTYSLAV                  | KORCHYNSKYY | E12 10588      |
| 12 | MADELINE                   | BELSKY    | E12 10590        |
| 13 | AMITKUMAR                  | DWIVEDI   | E12 14823        |
| 14 | STEPHEN                    | JAMORSKI  | E12 15194        |
| 15 | VERONICA                   | ESCOBAR   | E12 270          |
| 16 | LINDA                      | JAMISON   | E12 1108         |
| 17 | JANET                      | SCHAFER   | E12 93           |
| 18 | TWANNA                     | ALSTON    | E12 1445         |
| 19 | HILDA                      | CAMPOS    | E12 5491         |
| 20 | TARA                       | DENTE     | E12 6109         |
| 21 | MARK                       | PETTIPIECE | E12 7444        |
| 22 | GWYNETH                    | MUTAH     | E12 8724         |
| 23 | XTRA LLC                   |           | E12 10077        |
| 24 | CORNELIUS                  | LANE      | E12 10151        |
| 25 | REEKBHAWA                  | MANDHAR   | E12 10545        |
| 26 | TWANNA                     | ALSTON    | E12 11624        |
| 27 | EDJEAN                     | MARTIN    | E12 15887        |
| 28 | ALISA                      | FEINMAN   | E12 16634        |
| 29 | DEBORAH                    | SUMTER    | E12 18560        |
| 30 | RALPH                      | LATHROPE  | E12 19209        |
| 31 | ELISABET                   | LONGO     | E12 21026        |
| 32 | XTRA LLC                   |           | E12 23292        |
| 33 | KELVIN                     | BORJA     | E12 25616        |
| 34 | JESSE                      | GILLENTINE JR | E12 26852    |
| 35 | XTRA LLC                   |           | E12 27102        |
| 36 | DEBORAH                    | SUMTER    | E12 29266        |
| 37 | CHARLENE                   | SMITH     | E12 29599        |
| 38 | LEONA                      | BLENMAN   | E12 32712        |
| 39 | MONICA                     | EUSEBIO   | E12 34245        |
| 40 | LILLIAM                    | ALTRECHE  | E12 35594        |
| 41 | RINA                       | CERRITOS  | E12 36351        |
| 42 | CECILIA                    | MONTEIRO  | E12 37942        |
| 43 | RAYMOND                    | CORP      | E12 40229        |
| 44 | JANET                      | SCHAFER   | E12 44546        |
| 45 | LUIS                       | SUAREZ    | E12 47605        |
| 46 | RINA                       | CERRITOS  | E12 50431        |
| 47 | MAURO                      | ZEAS      | E12 52953        |